WASHINGTON COUNTY, et al. *v.* Gerald W. FORD

CA 87-7                                          730 S.W.2d 515

Court of Appeals of Arkansas
Division II
Opinion delivered June 10, 1987

*Michael E. Surguine*, Public Employee Claims Division, for appellants.

*Everett & Gladwin*, by: *Robert J. Gladwin*, for appellee.

*Matthews, Campbell & Rhoads, P.A.*, by *George R. Rhoads*, for intervenor Blue Cross & Blue Shield.

JOHN E. JENNINGS, Judge. The issue in this workers' compensation case is to what extent is the compensation carrier entitled to subrogation as to the proceeds of a settlement between the claimant and a third party tortfeasor.

In 1982, Gerald Ford, an employee of Washington County, was injured in an automobile accident. The driver of the other vehicle was apparently at fault and was insured by Allstate Insurance Company. Public Employee Claims Division (PECD), the compensation carrier for Washington County at the time of the accident, accepted the claim as compensable and paid more than $50,000.00 in benefits.

Ford settled his personal injury cause of action with Allstate for $50,000.00, the policy limit. This $50,000.00 settlement included $4,042.26 in medical expenses previously paid by Allstate for medical bills which would have been compensable under workers' compensation law and for which PECD would have had responsibility otherwise. Furthermore, Arkansas Blue Cross Blue Shield, Ford's group health insurance carrier, also paid $5,323.05 in medical bills which would have been the responsibility of PECD.

Ark. Stat. Ann. § 81-1340 (Repl. 1976) provides in part:

Third party liability. (a) Liability unaffected. (1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them, join in such action they shall be entitled to a first lien upon two thirds (⅔) of the net proceeds recovered in such action that remain after the payment of the reasonable costs collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury, to which this act [§§ 81-1301—81-1349] is applicable, or the adjustment of any such claim shall not

affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one third [⅓] of the remainder shall, in every case, belong to the injured employee or his dependents, as the case may be; the remainder, or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents.

(b) Subrogation. An employer or carrier liable for compensation under this act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for such injury or death. After reasonable notice and opportunity to be represented in such action has been given to the compensation beneficiary, the liability of the third party to the compensation beneficiary shall be determined in such action as well as the third party's liability to the employer and carrier. After recovery shall be had against such third party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and carrier have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one third [⅓] of the amount recovered from the third party, after deducting the reasonable cost of collection.

The problem for the administrative law judge, and subsequently for the full Commission, was how to apply this statute in calculating the amount of subrogation to which PECD would be entitled. The costs of collection were shown to be $9,000.00.

The ALJ multiplied two-thirds times $41,000.00 (the net proceeds after costs of collection) to arrive at a gross amount available for subrogation of $27,332.00. He then deducted the amount paid by Allstate for medical bills, $4,042.26, and held the net amount available for subrogation was $23,289.74. He also required PECD to reimburse Blue Cross for the $5,323.05 which Blue Cross had paid. On appeal, the Commission purportedly

affirmed the opinion of the ALJ, but in its calculations the Commission also deducted the amount of medical expenses paid by Blue Cross from the gross amount available for subrogation, leaving a net balance available to PECD of $17,966.69.

On appeal PECD argues that the Commission erred in deducting either the amount paid by Allstate or the amount paid by Blue Cross, although PECD concedes that it should reimburse Blue Cross for the medical expenses. The claimant argues that it was appropriate to deduct the amount paid by Allstate. We hold that the amount paid by Allstate for medical expenses should have been deducted, although not in the manner done by the Commission, and that the Commission erred in deducting the amount PECD was required to reimburse Blue Cross.

At the outset we must note a problem with the statute. Section 81-1340 was originally enacted as Act 319 of 1939. Section 81-1340(a)(2) originally read:

> The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury, to which this Act is applicable, or the adjustment of any such claim shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall, in every case, belong to the injured employee or his dependents as the case may be; the remainder, or so much thereof as is necessary to discharge in actual amount the liability of the employer and the insurance carrier *for compensation, shall be paid to such employer or insurance carrier;* and any excess shall belong to the injured employee or his dependents. [Emphasis added.]

It appears likely that in compilation the underlined language was inadvertently omitted. Although the meaning of the statute as it is presently worded is clear enough to be applied, the inadvertent omission could cause confusion.

PECD contends on appeal that there is no logical reason for deducting the amount paid by Allstate for otherwise compensable

medical expenses. We disagree.

When Allstate paid Ford's compensable medical expenses, PECD benefited by not having to pay them itself. While it seems immaterial to the tortfeasor's insurance company, it is fair both to the compensation carrier and the claimant to deduct amounts paid by the tortfeasor's insuror for otherwise compensable medical expenses before calculating the compensation carrier's two-thirds entitlement for subrogation.

An admittedly extreme example will illustrate the inequities which would result from an adoption of PECD's position. Suppose, in this case, Allstate had settled with the claimant for $50,000.00, its policy limits, by paying directly $41,000.00 in otherwise compensable medical expenses and $9,000.00 to the claimant's attorney as the costs of collection. An adoption of PECD's position would result in its being entitled to an award against the claimant for some $27,000.00, although the claimant received nothing in hand and PECD would have already benefited by not having to pay $41,000.00 in medical expenses for which it would have otherwise had liability. This cannot be the law.

■ We hold that the appropriate method of calculating the compensation carrier's subrogation award, under the circumstances of this case and under the statute, is to deduct from the gross settlement proceeds the cost of collection, and then to deduct from the remainder any payment by the tortfeasor's insuror of otherwise compensable medical expenses paid as part of the settlement. The figure thus obtained constitutes the net proceeds of settlement and the subrogation award should be two-thirds of this amount. In the case at bar, the gross settlement proceeds minus the costs of collection is $41,000.00. From that amount the Commission should have deducted $4,042.26, the amount paid by Allstate for otherwise compensable medical expenses, to arrive at a figure of $36,957.74. Two-thirds of this amount is $24,638.49, which is the amount of subrogation to which PECD is entitled.

■ We fully agree with PECD that the amount it was directed to repay to Blue Cross, $5,323.05, should not have been deducted from the subrogation award. Even the claimant does not argue otherwise. The reason this amount should not have been

deducted is that it had nothing to do with the settlement between Allstate and Ford and simply has no bearing on PECD's subrogation rights.

Affirmed as modified.

COULSON and MAYFIELD, JJ., agree.